## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Stephen Corley, | ) | C/A No. 0:15-375-RBH-PJG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Warden Robert Stevenson, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Stephen Corley, a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 8.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Corley was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (ECF No. 10.) Corley filed a response in opposition to the respondent's motion. (ECF No. 12.) Having carefully considered the parties' submissions and the record in this case, the court concludes that the respondent's motion for summary judgment should be granted and Corley's Petition denied.

### BACKGROUND

Corley was indicted in May 2011 in Aiken County for two counts of causing death by operating a vehicle under the influence of drugs or alcohol (2011-GS-02-636, -637). (App. at 130-31, 135-36, ECF No. 9-1 at 132-33, 137-38.) Corley was represented by Fred Wallace Woods, Jr.,

Esquire, and on September 21, 2011 pled guilty as charged.[1]  (App. at 8, ECF No. 9-1 at 10.)  The

circuit court sentenced Corley to twenty-two years' imprisonment for each count of felony DUI

resulting in death, both sentences to run consecutively.  (App. at 51, ECF No. 9-1 at 53.)  Corley did

not appeal his conviction or sentence.

Corley filed a *pro se* application for post-conviction relief on February 27, 2012 ("2012

PCR") in which he raised the following claims:

> (a)    Ineffective Assistance of Counsel
> * Strickland v. Washington Counsel was a conflict of interest.
>
> (b)    Plea involuntarily given
> * Plea was not entered with full knowledge of the totality of the circumstances surround the case, and counsel failed to investigate the crime scene was prejudice to Mr. Corleys case[.]
>
> (c)    Counsel failure to investigate
> * Plea counsel abandon me on an appeal proceedings[.]

(See Corley v. State of South Carolina, 12-CP-02-471; App. at 53-59, ECF No. 9-1 at 55-61) (errors

in original).  Corley filed a *pro se* amendment to his PCR application in which he raised the

following additional claims:

> Applicant's allegation of his attorney being ineffective is with merit under the two-prong test set out in Strickland vs. Washington 466 U.S. 668, 104 S. Ct. 2052 (1984)[.]  First, Applicant must prove his attorney's performance was "deficient." And second, Applicant must show how that performance "prejudiced" him in violation of his Sixth and Fourteenth Amendment Rights.
>
> 1,    My defense attorney failed to conscientiously discharge his professional responsibilities while he was handling my case[.]
>
> 2,    My defense attorney failed to act as my diligent conscientious advocate[.]
>
> 3,    My defense attorney failed to effectively challenge the arrest and seizure.

---

[1] As a result of Corley's plea, the State *nolle prossed* two counts of reckless homicide.



4,    My defense attorney failed to give me his complete loyalty[.]

5,    My defense attorney did not have my best interest in mind while he was supposed to be investigating and preparing my case.

6,    My defense attorney failed to serve my cause in good faith.

7,    My defense attorney neglected the necessary investigations and the preparation of my case.

8,    My defense attorney did not do the necessary factual investigations on my behalf[.]

9,    My defense attorney did not do the necessary legal research.

10,    My defense attorney did not conscientiously gather any information to protect my rights.

11,    My defense attorney did not try to have my case settled in a matter that would have been to my best advantage.

12,    My defense attorney did not advise me of all my rights or take any of the actions that were necessary to protect preserve them; knowing that I was not versed in law[.]

13,    My defense attorney, knowing I was illiterate in the law, never properly ascertained whether or not I actually understood or comprehended all of the issues that were involved in my case[.]

14,    My defense attorney never properly consulted with me or kept me informed with what was going on as far as my case was concerned.

15,    My defense attorney never explained to me or discussed with me any elements of the crime charged.

16,    My defense attorney never made any attempt to ascertain whether or not I actually knew what the elements for the crime I was charge were or whether or not I understood exactly what the term criminal element actually meant.

17,    My defense attorney never explained to me or discussed with me how the elements of the crime charged and the evidence that the prosecution planned to introduce into evidence against me related to one another and did not

discuss how the sentencing would be done especially as it related to the elements of the crime as in <u>State vs. Boyd</u>.

18,    My defense attorney never informed me of any of the defenses that were available to me[.]

19,    My defense attorney never intended to offer any defense to the court on my behalf.

20,    My defense attorney never explained to me or discussed with me any of the tactical choices that they either made or were planning to make[.]

21,    My defense attorney never explained to me or discussed with me any kind of defense strategy[.]

22,    My defense attorney dictated to me. exactly how my case was going to be handled and offered no alternative options[.]

23,    My defense attorney failed to properly acquaint themselves with law and the facts surrounding my case and as a direct result of their intentional negligence, there was a very serious error in the assessment of both the law and the facts[.]

24,    Because of my defense attorney's gross neglect and his many legal errors no defense at all  was put in issue for me during the court proceedings[.]

25,    My defense attorney did not subject the prosecution[']s case to any adversarial testing[.]

26,    My defense attorney failed to oppose the prosecution[']s case with any adversarial litigation[.]

27,    My defense attorney failed to function as the goverment[']s adversary in any sense of the word[.]

28,    My defense attorney failed to pursue any of the legal recourse that were available to him[.]

29,    The attorney that represented me on this charge in court failed to function as the counsel that the constitution[']s Sixth Amendment guarantees[.]

30,    My defense attorney failed to call alibi witnesses on my behalf which would have proven my innocence[.]



(App. at 60-64, ECF No. 9-1 at 62-66.)  The State filed a return.  (App. at 65-69, ECF No. 9-1 at 67-71.)  On January 23, 2013, the PCR court held an evidentiary hearing at which Corley appeared and testified and was represented by Jacqueline F. Busbee, Esquire.  By order filed March 13, 2013, the PCR court denied and dismissed with prejudice Corley's 2012 PCR application.  (App. at 118-27, ECF No. 9-1 at 120-29.)

On appeal, Corley was represented by Carmen V. Ganjehsani, Esquire, Appellate Defender with the South Carolina Commission on Indigent Defense, who filed a petition for a writ of certiorari that presented the following issue:

> Did the PCR court err in finding that Petitioner's plea was knowing and voluntary where plea counsel misadvised Petitioner that the two counts of reckless homicide that were dismissed pursuant to the plea carried more severe consequences than the felony DUI counts to which Petitioner pled guilty?

(ECF No. 9-3.)  On September 11, 2014, the South Carolina Supreme Court issued an order denying Corley's petition for a writ of certiorari.  (ECF No. 9-5.)  The remittitur was issued September 29, 2014.  (ECF No. 9-6.)

Corley filed a second *pro se* application for post-conviction relief on October 29, 2013 ("2013 PCR").  (See Corley v. State of South Carolina, 13-CP-02-2458; ECF No. 9-7.)  The State filed a return and motion to dismiss, arguing that the application was successive, time-barred, barred by the doctrine of *res jucidata*, and that Corley had failed to establish a claim of newly discovered evidence.  (ECF No. 9-8.)  On January 6, 2014, the PCR court filed a conditional order of dismissal in which it provisionally denied and dismissed Corley's 2013 PCR application as successive under S.C. Code Ann. § 17-27-90, untimely under the limitations provision of the Uniform Post-Conviction Procedure Act, S.C. Code Ann. § 17-27-45(a), and barred under the doctrine of *res*



*judicata.* (ECF No. 9-9.) Corley filed a response to the conditional order of dismissal. (ECF No. 9-10.) On May 28, 2014, the PCR court filed a final order of dismissal in which it denied and dismissed Corley's 2013 PCR application with prejudice. (ECF No. 9-11.)

Corley filed a third *pro se* application for post-conviction relief on March 21, 2014 ("2014 PCR"). (See Corley v. State of South Carolina, 14-CP-02-680; ECF No. 9-12.) The State filed a return and motion to dismiss, arguing that the application was successive, time-barred, barred by the doctrine of *res jucidata*, and that Corley had failed to establish a claim of newly discovered evidence. (ECF No. 9-13.) On September 8, 2014, the PCR court filed a conditional order of dismissal in which it provisionally denied and dismissed Corley's 2014 PCR application as successive under S.C. Code Ann. § 17-27-90, untimely under the limitations provision of the Uniform Post-Conviction Procedure Act, S.C. Code Ann. § 17-27-45(a), and barred under the doctrine of *res judicata.* (ECF No. 9-14.) Corley did not respond to the conditional order of dismissal, and on December 5, 2014, the PCR court filed a final order of dismissal in which it denied and dismissed Corley's 2014 PCR application with prejudice. (ECF No. 9-15.) This action followed.

## FEDERAL HABEAS ISSUES

Corley's federal Petition for a writ of habeas corpus raises the following issues:

**Ground One:** Ineffective Assistance of Counsel
**Supporting Facts:** Trial Counsel (never) attempted or spoke with any of the witnesses, . . . nor did attorney investigate how these alleged witnesses were located, since they were not located until weeks and months later[.] No investigation was done to d[e]termine witnesses credibleness., [A]lso attorney never investigated or attempted to obtain his own accident reconstruction experts to determine how the State's Accident Reconstruction Team reached its findings to Corley's speeding and finding victims speed to contribute no fault, when there were NO skid marks., Attorney failed to investigate.

**Ground Two:**  Involuntary Plea

**Supporting Facts:** Petitioner was never informed of any possible defenses, [he] may have had to the grave charges against him.,  Never interviewed any of the eyewitnesses.  Never attempted to obtain any experts or witnesses on petitioner's behalf.,  Did not adequately explain the evidence and consequences of charges.  Plea was involuntary due to ineffective assistance of counsel.

**Ground Three:**  Denied Effective Assistance of Counsel During Critical Stage at Plea and Plea Bargaining Stage.

**Supporting Facts:**  Attorney was ineffective for failing to (Request/Obtain) a competency evaluation before allowing him to plea., where defendant was complaining of having problems remembering, post traumatic stress and trauma from the accident, problems comprehending, severe migraine headaches, all of which attorney was aware of before plea. . . . There were medical records supporting the need for a competency examination . . . .

> **Ground Three (a)** regarding competency determination and continued therefrom: The record from Appendix, clearly demonstrates, the petition only has an eig[h]th grade education and functions literately at about a 4th grade., . . . also, there is evidence, petitioner has some problems comprehending and understanding . . . he says he hired lawyer, then App. 84, lines 17–21 . . . ,
> Prejudice:  The importance of this failure is, when a defendant does not possess a competent mental capacity and faculties, Clearly, his plea cannot be considered and deemed knowingly, intelligently, and voluntarily made.
>
> **Ground Three (b):**  Trial Attorney was ineffective for failing to inform petitioner that if he el[e]cted to go to trial, that he could make a motion for change of venue., and would not have to face the towns people who were screaming for his blood.,
>
> **Supporting Facts:**  The defendant was a first time offender, never being arrested for anything,  He did not know about change of venue and other trial procedures available. . . .The community is politically charged . . . The Courthouse was packed with the public upset about the case and wanted defendant's blood . . . and the lawyer admits that the emotionally-charged environment led the judge to the higher sentence he issued petitioner., . . .Therefore, The Attorney should have informed defendant that if he elected to go to trial that he could make a motion for a change of venue, The record shows everyone in that courtroom was upset and wanted defendants blood . . . .
>
> Prejudice:  Had, I, Petitioner known that I could have asked for a change of venue, I would have demanded my lawyer to make a motion for change of venue, and I would not have plead guilty, but would have demanded a trial by jury.  I thought that all the people on my jury had to be and was going to be from my town and I knew they were not going to be fair and impartial., If I had known I could get a jury from somewhere else., I would have demanded such & went to trial.

**Ground Three (C)** Trial Counsel was ineffective for (allowing/advising) petitioner to plea guilty without first interviewing witnesses who were not discovered until weeks and months later in [] order to be able to a[c]cess the witnesses['] credibility and reliability in [] order to inform defendant adequately of the prosecutor[']s case against him,.

**Supporting facts:** The importance of the interviewing of the witnesses is that the prosecutor was using their testimony to establish petitioner was driving erratically like a madman to establish that the intoxication was the sole cause of what happened., without these witnesses['] statements, the defendant passed only at places on the highway where it was lawful., Therefore, the attorney may have been able to show that alcohol was not the sole cause of the accident, but the blind spot created by the tree limb hanging across the road, which was cut down due to several accidents at the same location, which apparently lawyer was not aware of.

Prejudice: The plea cannot be knowingly and considered voluntarily, where defendant is not adequately informed of evidence against him, and it is clear, without attorney having never spoken to alleged witnesses that he could fairly access witnesses['] credibility and their possible effect they were likely to have on a jury[.]

**Ground Four:** Denied effective assistance of counsel during a critical stage at sentencing

**Supporting Facts:** Attorney was ineffective for failing to inform me that we could ask the judge to reconsider sentence through a Motion For Reconsideration. I was not aware that we could ask for the motion nor did I know any such thing existed. If I had known I would have demanded my attorney file for it. . . . Under such circumstances, Attorney should have known his client would have wanted him to file said Motion. Note: Such Motions are usually ruled on in chambers, since they are usually filed days after sentencing, and the crowd of public pressure.

(Pet., ECF No. 1) (citations omitted; errors in original).

## DISCUSSION

### A.    Summary Judgment Standard

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish



the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review**

In accordance with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d)(1), (2).  When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Williams v. Taylor, 529 U.S. 362, 410 (2000); see also White v. Woodall, 134 S. Ct. 1697, 1702 (2014) (describing an "unreasonable application" as "objectively unreasonable, not merely wrong" and that "even clear error will not suffice") (internal quotation marks and citation omitted); Harrington v. Richter, 562 U.S. 86, 100 (2011); Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004).  Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision."  Harrington, 562 U.S. at 101 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)); see also White, 134 S. Ct. at 1702 (stating that " '[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so



lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement' ") (alteration in original) (quoting <u>Harrington</u>, 562 U.S. at 103). Under the AEDPA, a state court's decision "must be granted a deference and latitude that are not in operation" when the case is being considered on direct review. <u>Harrington</u>, 562 U.S. at 101. Moreover, review of a state court decision under the AEDPA standard does not require an opinion from the state court explaining its reasoning. <u>See id.</u> at 98 (finding that "[t]here is no text in [§ 2254] requiring a statement of reasons" by the state court). If no explanation accompanies the state court's decision, a federal habeas petitioner must show that there was no reasonable basis for the state court to deny relief. <u>Id.</u> Pursuant to § 2254(d), a federal habeas court must (1) determine what arguments or theories supported or could have supported the state court's decision; and then (2) ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding of a prior decision of the United States Supreme Court. <u>Id.</u> at 102. "If this standard is difficult to meet, that is because it was meant to be." <u>Id.</u> Section 2254(d) codifies the view that habeas corpus is a " 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." <u>Id.</u> at 102-03 (quoting <u>Jackson v. Virginia</u>, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)).

**C.    Exhaustion Requirements**

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997), <u>abrogated on other grounds by</u> <u>United States v. Barnette</u>, 644 F.3d 192 (4th Cir.



2011); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S.E.2d 454, 454 (S.C. 1990) (holding that "when the claim has been presented to the Court of Appeals or the Supreme Court, and relief has been denied, the litigant shall be deemed to have exhausted all available state remedies."). To exhaust his available state court remedies, a petitioner must "fairly present[] to the state court both the operative facts and the controlling legal principles associated with each claim." Longworth v. Ozmint, 377 F.3d 437, 448 (4th Cir. 2004) (internal quotation marks and citation omitted). Thus, a federal court may consider only those issues which have been properly presented to the state appellate courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth, 377 F.3d 437; see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**D.    Summary Judgment Motion**

    **1.    Procedural Default**

Respondent argues that the four grounds for relief set forth in Corley's petition have been procedurally defaulted and are barred from federal habeas review. (ECF No. 9 at 16-17.) The respondent points out that Grounds One and Two were presented to and ruled upon by the PCR court; however, they were not subsequently raised in Corley's petition for a writ of certiorari. The respondent notes that Grounds Three and Four, on the other hand, were not raised before the PCR



court. Corley does not appear to disagree that these claims are procedurally defaulted. Instead, Corley argues that his procedural default should be excused pursuant to Martinez v. Ryan, 132 S. Ct. 1309 (2012). (Petr.'s Resp. Opp'n Summ. J., ECF No. 12 at 1-2.)

Generally, any errors of PCR counsel cannot serve as a basis for cause to excuse a petitioner's procedural default of his claims. See Coleman, 501 U.S. at 752. However, in Martinez the United States Supreme Court established a "limited qualification" to the rule in Coleman. Martinez, 132 S. Ct. at 1319. The Martinez Court held that inadequate assistance of counsel "at *initial-review collateral review* proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Id. at 1315 (emphasis added). In describing its holding in Martinez, the Supreme Court has stated that

> [w]e . . . read Coleman as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

Trevino v. Thaler, 133 S. Ct. 1911, 1918 (2013) (citing Martinez, 132 S. Ct. at 1318-19, 1320-21); see also Sexton v. Cozner, 679 F.3d 1150, 1159 (9th Cir. 2012) (summarizing the Martinez test to require the following: "a reviewing court must determine whether the petitioner's attorney in the first collateral proceeding was ineffective . . ., whether the petitioner's claim of ineffective assistance of trial counsel is substantial, and whether there is prejudice").

Further, to excuse the procedural default of Corley's claims, he must "show that [PCR] counsel's representation during the post-conviction proceeding was objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on



a claim of ineffective assistance of trial counsel in the state post-conviction matter." Sexton, 679 F.3d at 1157; see also Williams, 529 U.S. at 391 (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective assistance-of-counsel claims"); Strickland v. Washington, 466 U.S. 668, 687 (1984) (stating to demonstrate ineffective assistance of counsel, a petitioner must show that (1) his counsel was deficient in his representation, i.e. that counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution and (2) he was prejudiced as a result). For the reasons discussed below, the court agrees that Corley's claims are procedurally defaulted and Corley's arguments do not satisfy the limited qualification set forth in Martinez. Moreover, these grounds would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules if Corley attempted to raise them now. See Lawrence, 517 F.3d at 714; Longworth, 377 F.3d 437; see also Coleman, 501 U.S. 722.

### 2.    Claims Not Included in the PCR Appeal—Grounds One and Two

In Ground One, Corley asserts that plea counsel was ineffective in failing to properly investigate by not speaking with witnesses and not obtaining his own accident reconstruction. (ECF No. 1 at 5.) The PCR court considered and denied Corley's claim. (App. at 124, ECF No. 9-1 at 126.) PCR appellate counsel did not include this issue in the petition for writ of certiorari. (ECF No. 9-3 at 3.) In Ground Two, Corley argues that his plea was made involuntary because: (1) he was never informed of possible defenses; (2) plea counsel never interviewed any of the eyewitnesses; (3) plea counsel never attempted to obtain any experts; and (4) plea counsel did not adequately explain the evidence and consequences of charges. (ECF No. 1 at 7.) PCR appellate counsel did not include

these issues in the petition for writ of certiorari. (ECF No. 9-3 at 3.) Both grounds are procedurally defaulted, and Corley cannot establish cause under <u>Martinez</u> to excuse the default.

The <u>Martinez</u> exception does not extend to PCR appellate counsel. <u>See</u>, <u>e.g.</u>, <u>Crowe v. Cartledge</u>, No. 9:13-cv-2391, 2014 WL 2990493, at *6 (D.S.C. July 2, 2014) ("[I]neffective assistance of PCR appellate counsel is not cause for a default."); <u>Cross v. Stevenson</u>, No. 1:11-cv-02874, 2013 WL 1207067, at *3 (D.S.C. Mar. 25, 2013) ("<u>Martinez</u>, however, does not hold that the ineffective assistance of counsel in a PCR appeal establishes cause for a procedural default."). The Supreme Court expressly noted that its holding in <u>Martinez</u> "does not concern attorney errors in other kinds of proceedings, *including appeals from initial-review collateral proceedings*, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." <u>Martinez</u>, 132 S. Ct. at 1320 (emphasis added). Accordingly, <u>Martinez</u> does not aid Corley in excusing his procedural default; thus Grounds One and Two are procedurally barred from federal habeas review.

### 3.     Ground Three

In Ground Three, Corley argues that he received ineffective assistance of counsel at his plea and plea bargaining stage because: (a) plea counsel should have obtained a competency evaluation before allowing him to plea; (b) plea counsel should have informed him that he could have made a motion for a change of venue; and (c) plea counsel failed to interview witnesses before advising him to plead guilty. (Pet., ECF No. 1 at 8.) The parties agree that Ground Three is procedurally barred. Corley argues that <u>Martinez</u> excuses the procedural default.

As explained above, to qualify for the "limited qualification" under <u>Martinez</u>, Corley must demonstrate that the underlying ineffective assistance of counsel claim is a substantial one, meaning



the claim has some merit.  <u>Martinez</u>, 132 S. Ct. at 1318-19.  Further, Corley must "show that [PCR] counsel's representation during the post-conviction proceeding was objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter."  <u>Sexton</u>, 679 F.3d at 1157.  Applying <u>Martinez</u> to the record and Corley's arguments, the court concludes he cannot satisfy <u>Martinez</u>'s limited exception.

To determine whether PCR counsel was ineffective for the <u>Martinez</u> exception to apply, the court utilizes the two-prong test enunciated in <u>Strickland v. Washington</u>, 466 U.S. 688 (1984), which requires a petitioner to show that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result.  <u>Strickland</u>, 466 U.S. at 687.  To satisfy the first prong of <u>Strickland</u>, a petitioner must show that counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution.  With regard to the second prong of <u>Strickland</u>, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  <u>Id.</u> at 694.

### a.     Ground Three (a)

To the extent Corley argues that counsel was ineffective for failing to obtain a competency evaluation before allowing him to plead guilty, his claim cannot succeed.  The test for determining competence is whether a defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . and whether he has a rational as well as factual understanding of the proceedings against him."  <u>Dusky v. United States</u>, 362 U.S. 402, 402 (1960).  "Not every manifestation of mental illness demonstrates incompetence to stand trial; rather, the



evidence must indicate a present inability to assist counsel or understand the charges." United States ex rel. Foster v. DeRobertis, 741 F.2d 1007, 1012 (7th Cir. 1984). The test for competency to stand trial and competency to plead guilty is the same. Godinez v. Moran, 509 U.S. 389, 396-99 (1993).

Corley has not set forth any evidence of any mental incompetency, other than his own conclusory allegations. At the plea hearing, Corley testified that he understood the charges against him, the rights he was waiving, the applicable sentence, and that he was not under the influence of drugs or alcohol that could impact his ability to think, reason, and understand what he was doing. (App. at 3-8, ECF No. 9-1 at 5-10.) There is nothing in the record to suggest that Corley was not competent at the time of his plea. Plea counsel testified at the PCR hearing that he had reviewed Corley's medical records and was aware that Corley suffered from post-traumatic stress disorder, or at least was under a lot of stress, after the accident. (App. at 108-109, ECF No. 9-1 at 110-111.) A competency determination is only required where there is sufficient evidence presented to raise a "bona fide doubt" as to a defendant's competency. See Pate v. Robinson, 383 U.S. 375, 385, 86 (1966). Corley cannot show that counsel was ineffective for failing to request a competency evaluation prior to the plea where the record indicates Corley understood the charges against him, and had all of his questions answered by counsel and the court. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible"). Because Corley cannot meet either prong of Strickland, he is unable to establish cause for the procedural default under Martinez.

### b.     Ground Three (b)

Corley further contends that counsel was ineffective for failing to inform him that if he had elected to go to trial, he could have made a motion for a change of venue based on the pre-trial publicity surrounding the case.  (Pet., ECF No. 1 at 10.)  Corley explains that had he known about the possibility that he could have gone to trial in another town, he would have demanded his attorney file the motion for change of venue, and if granted, he would have proceeded to trial by jury.  (Petr.'s Resp. Opp'n Summ. J., ECF No. 12 at 5.)  This claim is not a substantial one, as it is without merit.

First, nothing in the record suggests that Corley would have been entitled to a change of venue had such a motion been made.  "The constitutional standard of fairness requires that a defendant have a panel of impartial, 'indifferent' jurors.  Qualified jurors need not be totally ignorant of the facts and issues involved."  Murphy v. Florida, 421 U.S. 794, 799-801, 95 (1975) (citations omitted); see also State v. Manning, 495 S.E.2d 191 (S.C. 1997) ("[M]ere exposure to pretrial publicity does not automatically disqualify a prospective juror. . . .  The moving party bears the burden of showing *actual* juror prejudice as a result of such publicity.  If change of venue is sought on the basis of pretrial publicity, the general practice is to postpone ruling on that motion until the jury panel is voir dired.") (emphasis added; citations omitted).  To support his claim, Corley references plea counsel's testimony at the PCR hearing describing the environment at the plea hearing as a packed courthouse, where everyone was upset and emotional.  (App. at 102-03, ECF No. 9-1 at 104-05.)  This evidence does not support a finding that Corley was entitled to a change of venue.

Second, even if plea counsel failed to advise Corley of this option, he was not ineffective because Corley indicated that he wanted to plead guilty.  Corley admitted that he was guilty of felony



DUI resulting in death at his guilty plea hearing and the PCR evidentiary hearing. Corley cannot show he was prejudiced by counsel's actions as he cannot establish a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). Accordingly, Corley cannot satisfy Martinez's limited exception.

> ### c.    Ground Three (c)

Corley next asserts that plea counsel was ineffective for allowing him to enter a guilty plea without first interviewing witnesses. (Pet., ECF No. 1 at 10.) Specifically, Corley states that the witness statements would have shown "alcohol was not the sole cause of the accident, but the blind spot created by the tree limb hanging across the road" contributed to the accident. (Id.) Ground Three (c) appears to be a restatement of Corley's Ground One ineffective assistance of counsel claim. As explained above, the claim is procedurally barred and Corley cannot overcome the default on Martinez grounds because appellate counsel did not present it in his PCR *appeal*. See *supra* Part D.2. Moreover, even if the Martinez exception could be applied to this claim, it has no merit.

The assertion that plea counsel was ineffective for failing to investigate and to speak with witnesses was presented to the PCR court. Although Corley did not present any witnesses at the PCR hearing, Corley argued that had he proceeded to trial, he would have presented evidence that challenged the statement that he was driving erratically. (App. at 81-84, ECF No. 9-1 at 81-86.) In denying's Corley's claim, the PCR court applied the test set forth in Strickland v. Washington and found:

> [T]his Court finds that the Applicant has failed to prove that Counsel was ineffective
> in his investigation of Applicant's case. Counsel's credible testimony reveals that
> he spoke with numerous witnesses, visited the accident scene multiple times and
> reviewed the State's accident reconstruction report numerous times in preparation of



his defense.   Applicant presented no reports, offered no expert testimony, and otherwise provided no evidence to support this allegation.  Applicant was unable to even speculate as to what benefit could have been derived from any such investigation.  "Failure to conduct an independent investigation does not constitute ineffective assistance of counsel when the allegation is supported only by mere speculation as to the result."  Moorehead v. State, 329 S.C. 329, 496 S.E.2d 415 (1998).  As Applicant was unable to provide any evidence to support this allegation, this Court finds that this allegation must be denied and dismissed.

(App. at 123-24, ECF No. 9-1 at 125-26.)

Testimony from the PCR hearing confirms that counsel testified that although he did not interview witnesses, he discussed witness statements with his client, reviewed the accident reconstruction completed by the state, visited the scene of the collision numerous times, and would have been prepared had the case gone to trial.  (App. at 100-04, ECF No. 9-1 at 102-06.)  This court finds that the PCR court made reasonable findings of fact and reasonably applied federal law in denying these claims in light of the evidence presented.  The PCR court's factual findings are based, in part, on its assessment that plea counsel's testimony was credible.  The PCR court's credibility determination is entitled to deference in this action.  Elmore v. Ozmint, 661 F.3d 783, 850 (4th Cir. 2011) ("We must be 'especially' deferential to the state PCR court's findings on witness credibility, and we will not overturn the court's credibility judgments unless its error is 'stark and clear.' ") (quoting Sharpe v. Bell, 593 F.3d 372, 378 (4th Cir. 2010) and Cagle v. Branker, 520 F.3d 320, 324 (4th Cir. 2008)).  Corley may overcome this presumption of correctness only by showing " 'clear and convincing evidence to the contrary.' "  Wilson v. Ozmint, 352 F.3d 847, 858-59 (4th Cir. 2003) (quoting Miller-El v. Cockrell, 537 U.S. 322, 240 (2003)).  Corley has not made such a showing.  Corley did not present witnesses at the PCR hearing, nor did he present any accidence reconstruction evidence.  Corley cannot show that he was prejudiced as a result of counsel's failing to further

investigate.  In light of the record, the PCR court made reasonable factual findings and reasonably applied federal precedent, and Ground Three (c) is without merit.

### 4.    Ground Four

In Ground Four, Corley contends that plea counsel was ineffective for failing to advise him that he could file a motion for reconsideration of his sentence.  (ECF No. 1 at 11.)  Ground Four was not raised to the PCR court, and thus is procedurally barred from federal habeas review.  Corley argues that he can show cause to excuse the procedural bar pursuant to <u>Martinez</u>, 132 S. Ct. at 1318, because he has a meritorious claim that counsel was ineffective for failing to raise the claim before the PCR court.  (Petr.'s Resp. Opp'n Summ. J., ECF No. 12 at 1.)

As discussed above, Corley may establish cause for the defaulted grounds if he demonstrates that (1) his PCR counsel was ineffective and (2) the underlying ineffective assistance of counsel claim is substantial, i.e., it has some merit.  <u>Martinez</u>, 132 S. Ct. at 1318.  Corley does not present evidence to show that had a motion for reconsideration been filed, the plea court would have changed his sentence.  Corley suggests that there may have been a chance the sentencing judge would have imposed a lesser sentence, such as running the sentences concurrently as opposed to consecutively, had the judge reconsidered the sentence outside of the "emotionally charged environment" of the courtroom.  (ECF No. 12 at 3.)  Nothing supports this speculative hope.  Corley's sentences were within the statutory ranges for his offenses.  Felony DUI resulting in death carries a maximum sentence of twenty-five years.  S.C. Code Ann. § 56-5-2945(A)(2).  Corley did not receive the maximum sentence on either conviction.  There is no evidence of partiality, prejudice, pressure, or corrupt motive on the part of the sentencing judge.  <u>See</u> <u>State v. Barton</u>, 481 S.E.2d 439, 444 (S.C. Ct. App. 1997) (holding that absent "partiality, prejudice, oppression, or corrupt motive,



[the South Carolina Court of Appeals] lacks jurisdiction to disturb a sentence that is within the limit prescribed by statute."). Accordingly, Corley has failed to establish that plea counsel should have moved for reconsideration. Since Corley has not satisfied the prongs of Strickland, Martinez does not aid Corley because the underlying ineffective assistance of counsel claim has no merit.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (ECF No. 8) be granted and Corley's Petition denied.

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 2, 2015
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"   Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).