UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Stephen Corley, | ) | Civil Action No.: 0:15-cv-00375-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Warden Robert Stevenson, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, Stephen Corley, a state prisoner proceeding pro se, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  *See* [ECF No. 1].  Respondent, Warden Robert Stevenson, filed a return and motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.  This matter is before the Court with the Report and Recommendation (R & R) of United States Magistrate Judge Paige J. Gossett.[1]  *See* [ECF No. 18.] The Magistrate Judge recommended granting the Respondent's motion for summary judgment and denying Petitioner's petition.  For the reasons stated below, the Court adopts the Magistrate Judge's R & R, grants Respondent's motion for summary judgment, and dismisses Petitioner's § 2254 petition with prejudice.

**Facts and Procedural History**

This matter arises from the criminal conviction and sentence of Petitioner, Stephen Corley, ("Corley") on two counts of causing death by operating a vehicle under the influence of drugs or alcohol.  Corley, who was represented by attorney Fred Wallace Woods, Jr., pled guilty to the two indictments on September 21, 2011, and was sentenced to twenty-two years imprisonment on each

---

[1]     This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) for the District of South Carolina.

indictment with both sentences to run consecutively. As a result of the plea, the State dismissed two counts of reckless homicide. Corley did not appeal his conviction or sentence.

On February 21, 2012, Corley filed a *pro se* application for post-conviction relief in which he alleged:

- a) Ineffective assistance of counsel based on a conflict of interest;
- b) Involuntary guilty plea - plea was not entered with full knowledge of the totality of the circumstances surrounding the case, and counsel failed to investigate the crime scene; and
- c) Counsel failed to investigate and plea counsel abandoned Corley during an appeal proceeding.

Corley then filed a *pro se* amendment to his PCR application in which he alleged thirty separate instances or grounds of ineffective assistance of his plea counsel. The State filed a return and on January 23, 2013, the PCR court held an evidentiary hearing at which Corley appeared and testified and was represented by Jacqueline F. Busbee, Esq.

In an Order filed March 13, 2013, the PCR court denied and dismissed with prejudice Corley's 2012 PCR application. Corley appealed and was represented by Carmen V. Ganjehsani, Esq. In his petition for a writ of certiorari to the South Carolina Supreme Court, Corley's PCR appellate counsel raised the following issue:

> Did the PCR court err in finding that Petitioner's plea was knowing and voluntary where plea counsel misadvised Petitioner that the two counts of reckless homicide that were dismissed pursuant to the plea carried more severe consequences than the felony DUI counts to which Petitioner pled guilty?

The South Carolina Supreme Court issued an order denying Corley's petition for a writ of certiorari on September 11, 2014. The remittitur was issued September 29, 2014.

Corley filed a second and third application for post-conviction relief, which were both denied and dismissed as successive, untimely, and barred under the doctrine of *res judicata*. Corley then filed the pending petition for a writ of habeas corpus under 28 U.S.C. § 2254.

In the current petition, Corley raises four grounds. In ground one, Corley alleges ineffective assistance of counsel in that his trial counsel failed to interview witness, investigate the cause of the accident, or obtain an accident reconstruction expert on Corley's behalf. In ground two, Corley alleges that his plea was involuntary due to his trial counsel's ineffectiveness. Ground three contains three sub-parts as follows: 3a) Corley alleges his trial counsel was ineffective for failing to obtain a competency evaluation prior to his plea; 3b) Corley alleges his trial counsel was ineffective for failing to inform him that he could file a motion for change of venue; and 3c) Corley alleges his trial counsel was ineffective for allowing/advising him to plead guilty without first interviewing witnesses. In ground four, Corley alleges his trial counsel was ineffective for failing to inform him that he could file a motion for reconsideration asking the sentencing judge to reconsider his sentence.

Respondent filed a return and motion for summary judgment on March 26, 2015, arguing that each of Corley's four grounds have been procedurally defaulted and are barred from federal review. Respondent argues that grounds one and two, although presented to and ruled upon by the PCR court, were not subsequently raised in Corley's petition for a writ of certiorari. Respondent argues that grounds three and four were not raised in the PCR court. Corley does not dispute that his claims were not properly raised at the state level but argues that any procedural default should be excused pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).

**Legal Standards of Review**

I.      **Review of the Magistrate Judge's Report & Recommendation**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The right to *de novo* review may be waived by the failure to file timely objections. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Id.*

II.     **Summary Judgment Review**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). When no genuine issue of any material fact exists, summary judgment is appropriate. *See Shealy v. Winston*, 929 F.2d

1009, 1011 (4th Cir. 1991). The facts and inferences to be drawn from the evidence must be viewed in the light most favorable to the non-moving party. *Id.* However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

### III.     Federal Habeas Review under 28 U.S.C. § 2254

Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, in considering Petitioner's ineffective assistance of counsel claim, the Court's review is limited by the deferential standard of review set forth in 28 U.S.C. § 2254(d). *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); *see also Evans v. Smith*, 220 F.3d 306, 312 (4th Cir. 2000) (explaining federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding").

**Discussion**

The Magistrate Judge recommended granting the Respondent's motion for summary judgment and denying Petitioner's petition finding that each of Corley's claims were procedurally defaulted and Corley could not satisfy the limited exception set forth in *Martinez*.

Before seeking federal habeas review of a claim, a petitioner ordinarily must raise the claim in state court by complying with state procedural rules and exhausting available state remedies. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). "[W]hen a habeas petitioner fails to exhaust state remedies for a claim, federal review is not available until the petitioner either returns to state court with the claim or demonstrates that such an attempt would be futile, in which case the claim is treated as procedurally defaulted." *Gray v. Zook*, 806 F.3d 783, 798 (4th Cir. 2015). To overcome a procedural default, a petitioner must demonstrate either (1) cause and resulting prejudice, or (2) that the failure to review the claim "will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

In *Martinez v. Ryan*, the United States Supreme Court established a "limited qualification" to the rule in *Coleman* and held inadequate assistance of counsel "at initial-review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." 132 S. Ct. at 1315, 1319. The Supreme Court ruled as follows:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 1320. The *Martinez* Court explained a "substantial" claim of ineffective assistance of counsel

is one that has "some merit." *Id.* at 1318 ("To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit."). A claim is insubstantial if "it does not have any merit or . . . is wholly without factual support, or . . . the attorney in the initial-review collateral proceeding did not perform below constitutional standards." *Id.* at 1319. The Fourth Circuit Court of Appeals has summarized the *Martinez* exception as follows:

> *Martinez* held that a federal habeas petitioner who seeks to raise an otherwise procedurally defaulted claim of ineffective-assistance-of-trial-counsel before the federal court may do so only if: (1) the ineffective-assistance-of-trial-counsel claim is a substantial one; (2) the "cause" for default "consist[s] of there being no counsel or only ineffective counsel during the state collateral review proceeding"; (3) "the state collateral review proceeding was the initial review proceeding in respect to the ineffective-assistance-of-trial-counsel claim"; and (4) state law "requires that an ineffective-assistance-of-trial-counsel claim be raised in an initial-review collateral proceeding."

*Fowler v. Joyner*, 753 F.3d 446, 461 (4th Cir. 2014) (alteration in original) (quoting *Trevino v. Thaler*, 133 S. Ct. 1911, 1918 (2013)); *see also Sexton v. Cozner*, 679 F.3d 1150, 1159 (9th Cir. 2012) (summarizing the *Martinez* test to require the following: "a reviewing court must determine whether the petitioner's attorney in the first collateral proceeding was ineffective . . ., whether the petitioner's claim of ineffective assistance of trial counsel is substantial, and whether there is prejudice"). Further, to excuse the procedural default of Corley's claims, he must "show that [PCR] counsel's representation during the post-conviction proceeding was objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner would have received relief on a claim of ineffective assistance of trial counsel in the state post-conviction matter." *Sexton*, 679

F.3d at 1157; *see also Williams*, 529 U.S. at 391 (stating that "the *Strickland* test provides sufficient guidance for resolving virtually all ineffective assistance-of-counsel claims").

Generally, the highly deferential standards of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)—namely, 28 U.S.C. § 2254—govern federal habeas review of claims originally presented in state courts. *See* 28 U.S.C. § 2254(d) (providing review standards for "any claim that was adjudicated on the merits in State court proceedings"); *see also Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615, 618 (4th Cir. 1998). However, "because a petitioner raising a *Martinez* claim never presented the claim in state court, a federal court considers it de novo, rather than under AEDPA's deferential standard of review." *Gray*, 806 F.3d at 789 ("*Martinez* permits a petitioner, under certain circumstances, to excuse a procedural default and bring a claim in federal court that was not raised in state court. Such a claim, never having been heard by a state court, is reviewed de novo.").

**Grounds One and Two**

As to grounds one and two, which were raised in the PCR court but not raised to the state supreme court, the Magistrate Judge found that the *Martinez* exception does not extend to PCR appellate counsel. *See, e.g.*, *Crowe v. Cartledge*, No. 9:13-cv-2391, 2014 WL 2990493, at *6 (D.S.C. July 2, 2014) ("[I]neffective assistance of PCR appellate counsel is not cause for a default."); *Cross v. Stevenson*, No. 1:11-cv- 02874, 2013 WL 1207067, at *3 (D.S.C. Mar. 25, 2013) ("*Martinez*, however, does not hold that the ineffective assistance of counsel in a PCR appeal establishes cause for a procedural default."). Corley does not challenge or object to the Magistrate Judge's findings as to grounds one and two. Having reviewed the record for clear error, the Court agrees with the recommendation of the Magistrate Judge that grounds one and two are procedurally

defaulted and adopts those portions of the Report and Recommendation without objection.

**Grounds 3(a) and 3(c)**

In ground 3(a), Corley alleges his plea counsel was ineffective for failing to obtain a competency evaluation before allowing him to plead guilty. In ground 3(c), Corley alleges his plea counsel was ineffective for allowing him to enter a guilty plea without first interviewing witnesses. The Magistrate Judge found that grounds 3(a) and 3(c) were procedurally defaulted and the *Martinez* exception did not apply to excuse the default. Corley did not file an objection to the Magistrate Judge's findings as to grounds 3(a) and 3(c). Finding no clear error, the Court agrees with the recommendation of the Magistrate Judge that grounds 3(a) and 3(c) are procedurally defaulted and adopts those portions of the Report and Recommendation without objection.

**Ground 3(b)**

In ground 3(b), Corley alleges his plea counsel was ineffective for failing to inform him that if he had elected to go to trial, he could have made a motion for a change of venue based on the pre-trial publicity surrounding the case. The Magistrate Judge found there was nothing in the record to suggest that Corley would have been entitled to a change of venue. Further, the Magistrate Judge found that even if plea counsel failed to advise Corley of the option to file a motion for a change of venue, Corley's plea counsel was not ineffective because Corley indicated that he wanted to plead guilty. Finally, the Magistrate Judge stated that Corley could not satisfy *Martinez*'s limited exception because he could not show that he was prejudiced by counsel's actions, i.e. he cannot establish a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Burket v. Angelone*, 208 F.3d 172, 189 (4th Cir. 2000) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

9

Corley filed an objection to the Magistrate Judge's findings with respect to ground 3(b). Specifically, Corley argues he would have been entitled to a change in venue because the community was clearly outraged as a result of the crime. Corley argues that he can satisfy the *Martinez* exception because "had PCR counsel raised the issue . . .plea counsel would have been found ineffective for not consulting and informing Corley of his right to make a motion for a change of venue." Corley argues that had he known or been informed of his right to file a motion for change of venue, he would have demanded that his counsel make the motion and if granted, Corley would have demanded a jury trial.

Corley's claim for ineffective assistance of counsel for failing to advise of the availability of a motion to transfer venue is not sufficiently "substantial" to come within the "narrow exception" created by *Martinez*. As the Court in that case stressed, "[t]o overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Martinez*, 132 S. Ct. at 1318. It is the petitioner's burden to demonstrate that his claims are "substantial." *Fowler*, 753 F.3d at 461. Corley fails to make such a showing.

To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." *Id.* at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls

within the wide range of reasonable professional assistance." *Id*. at 689; *see also, Burket v. Angelone*, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); *Spencer v. Murray*, 18 F.3d 229,233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy."). To satisfy *Strickland's* prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." *Spencer*, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. *Quesinberry v. Taylor*, 162 F.3d 273, 278 (4th Cir. 1998).

With respect to the prejudice prong, Corley has not demonstrated that he was prejudiced by his trial counsel's alleged failure to advise him of his right to file a motion to transfer venue. In other words, Corley fails to show that but for the alleged ineffective assistance, a reasonable defendant would have insisted on proceeding to trial. *See Hill*, 474 U.S. at 59, 106 S.Ct. 366. Corley indicated to his counsel that he wanted to plead guilty. Additionally, evidence of Corley's guilt was overwhelming. Corley does not dispute that he was driving his vehicle on the wrong side of the road and that 2 hours and 15 minutes after the fatal collision, his blood alcohol content was .133. EMS records reflect that Corley admitted drinking, smelled of alcohol, and was combative in the ambulance with emergency personnel. Corley's counsel testified at the PCR hearing that

immediately after the fatal collision occurred, Corley reached up to turn on his interior light, crawled out of his car, and passed out on the ground. Three witnesses gave statements indicating that Corley was driving erratically immediately before the collision. Additionally, the Highway Patrol MATE team calculated Corley's speed at impact at 77 miles an hour where the posted speed limit was 50 miles an hour. Given the State's evidence against Corley, the circumstances of the crime, and the lack of available defenses, even had his trial counsel advised Corley of the right to file a motion to transfer venue, it is extraordinarily likely that a jury would have convicted Corley and that the state trial court would have given him the maximum sentence. Under these circumstances, Corley cannot establish that a reasonable defendant would not have pled guilty. *See Burket*, 208 F.3d at 190-91. Accordingly, Corley has failed to show that his underlying ineffective assistance of counsel claim - based on the alleged failure of his counsel to advise of the right to file a motion to transfer venue - is a substantial one. As a result, Corley cannot establish that his PCR counsel's performance was objectively unreasonable for failing to raise the ineffective assistance of counsel claim related to the motion to transfer venue. Furthermore, Corley fails to establish a reasonable probability that, but for PCR counsel's failure to raise the issue, he would have received relief on that particular claim of ineffective assistance of counsel in the state post-conviction matter. *Sexton*, 679 F.3d at 1157.

For those reasons, the Court agrees with the Magistrate Judge that ground 3(b) is procedurally defaulted and does not satisfy the limited exception set forth in *Martinez*. Corley's objection is overruled.

**Ground 4**

In ground 4, Corley argues that his plea counsel was ineffective for failing to advise him that

he could file a motion for reconsideration of his sentence. The Magistrate Judge found that ground 4 was not raised to the PCR court and did not fall within *Martinez's* limited exception. Specifically, the Magistrate Judge found that Corley did not present evidence to show that had a motion for reconsideration been filed, the plea court would have changed his sentence. Corley filed an objection on ground 4 arguing he should not be required to demonstrate that he would have gotten a time reduction or resentencing. Corley argues that all he should be required to prove is that "had he known about the motion for reconsideration, he would have demanded that his counsel file for the motion for reconsideration of sentence." Corley likens the matter to an attorney who fails to inform their client of their right to file an appeal. In those cases, Corley argues, the petitioner is only required to show or demonstrate that had he/she known about the right to appeal, that he/she would have demanded the attorney to file the appeal notice."

In *Roe v. Flores-Ortega*, the U.S. Supreme Court held that within the context of an ineffective assistance of counsel claim based on the alleged failure to consult regarding the filing of an appeal, a petitioner could demonstrate prejudice by showing "that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." 528 U.S. 470, 484 (2000). Corley, however, offers no authority or basis to extend *Flores-Ortega* beyond the limited circumstances of failing to consult with a defendant regarding the filing of a notice of appeal.

Corley's claim in ground 4 fails because he cannot establish that his underlying claim for ineffective assistance of plea counsel - based on an alleged failure to consult about filing a motion to reconsider his sentence - is a substantial one. *See Fowler*, 753 F.3d at 461. In South Carolina, a trial judge is given wide discretion in determining what sentence should be imposed and whether

multiple sentences should run consecutively or concurrently. *See State v. Barton*, 481 S.E.2d 439, 444 (S.C. Ct. App. 1997).  In the absence of partiality, prejudice, oppression, or corrupt motive, the state court of appeals lacks jurisdiction to disturb a sentence that is within the statutory limits. *Barton*, 481 S.E.2d at 444.

Corley's sentence of 44 years on two counts of causing death by operating a vehicle under the influence of drugs or alcohol was within the statutory range, which provided a maximum sentence of 25 years for each count. *See* S.C. Code Ann. § 56-5-2945(A)(2).  During the plea colloquy, the state court judge informed Corley that he could face a maximum of 50 years in prison by pleading guilty. [Plea transcript, ECF No. 9-1, at 6].  Corley responded that he still wished to plead guilty. *Id*.  Because Corley's sentence was within the statutory range, and there is no credible claim that the state sentencing judge acted with partiality, prejudice, oppression, or corrupt motive, Corley cannot establish that his plea counsel's performance was deficient for failing consult with him regarding the filing of a motion to reconsider his sentence.

Corley also fails to establish that he was prejudiced by his plea counsel's alleged failure to consult on a motion to reconsider.  To establish prejudice under *Strickland*, Corley must show a reasonable probability that, but for counsel's deficient performance, the results of the proceeding would have been different. *Strickland*, 466 U.S. at 694.  In the context of a motion to reconsider or reduce a sentence, Corley must establish a reasonable probability that his sentence would have been reduced if the motion had been filed. *See Ecudero-Aponte v. United States*, 65 Fed. Appx. 333, 335-36 (1st Cir. 2003) (finding no prejudice on ineffective assistance of counsel claim alleging failure to file [former Rule 35(b) motion to reduce sentence] in the absence of showing that there was reasonable probability that defendant's sentence would have been reduced if the motion had

been filed). As the Magistrate Judge noted, nothing supports Corley's speculative hope that the sentencing judge would have reduced his sentence if reconsidered outside of the "emotionally charged environment" of the courtroom. Therefore, Corley cannot establish the prejudice prong of *Strickland* as it relates to his claim of ineffective assistance of counsel based on the failure to consult on a motion to reconsider his sentence.

Because Corley cannot establish either deficient performance or prejudice, he fails to demonstrate that his underlying ineffective assistance of counsel claim is a substantial one. As a consequence, Corley fails to show that his PCR counsel's representation was objectively unreasonable in failing to raise the motion to reconsider issue in the PCR court or that the PCR court would have granted Corley relief based on that claim. *See Sexton*, 679 F.3d at 1157. The Court agrees with the Magistrate Judge that Corley's claim of ineffective assistance of counsel based on a failure to consult on a motion to reconsider the sentence is procedurally defaulted and *Martinez* does not operate to excuse the procedural default in this case. Corley's objections to the Magistrate Judge's findings with respect to ground 4 are overruled.

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating reasonable jurists would find the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Slack*,

529 U.S. at 484-85. In this case, the Court concludes that Petitioner has not made the requisite showing of "the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

## Conclusion

After reviewing the entire record, and for the reasons stated above and by the Magistrate Judge in the Report and Recommendation, the Court overrules Petitioner's objections [ECF No. 22] and adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. [ECF No. 18].

**IT IS THEREFORE ORDERED** that Respondent's motion for summary judgment [ECF No. 8] is **GRANTED**, and Petitioner's habeas petition [ECF No. 1] is **DISMISSED WITH PREJUDICE. IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

March 2, 2016                                          s/ R. Bryan Harwell
Florence, South Carolina                               R. Bryan Harwell
                                                       United States District Judge